■ HAIR PROGRAMMING, INC., Respondent, v SPACE PRODUCTIONS, S.S.A., INC., et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about May 11, 1990, which denied the motion of defendants-appellants to file an amended answer and counterclaims, unanimously reversed on the law, the facts, and in the exercise of discretion, and the motion granted, without costs.

Defendants moved to amend their answer to restate certain counterclaims based on allegations that defendants failed to pay for services rendered and goods provided, to add two additional counterclaims, i.e., for an account stated and for fraud, to name new defendants on all of the counterclaims and to increase the *ad damnum.* The IAS court denied the motion in its entirety on the grounds that it was untimely and

prejudicial. In addition, the court also denied the motion insofar as it sought to add the new counterclaims on the alternative grounds that, as to the counterclaim for an account stated, it failed to state a cause of action, and, as to the counterclaim for fraud, it was not stated with sufficient particularity.

Absent real prejudice or unfair surprise, leave to amend or supplement a pleading should be freely granted. (CPLR 3025 [b].) Plainly, no surprise was caused to plaintiff by the within amendment, which was based primarily on facts formerly pleaded. Moreover, there is no convincing evidence that plaintiff has suffered prejudice as a result of defendants' failure to include in the original answer the claims sought to be added by the within amendment. Plaintiff has made no claim that discovery has been completed or that trial is imminent. Nor did plaintiff offer any support for its bare assertion that the amendment sought herein would require extensive additional discovery which would have been more easily taken had the original pleading contained the within claims or if the amendment had been sought earlier. Under these circumstances, we find that leave to amend should have been granted.

Contrary to the IAS court, we find that defendants' second counterclaim, particularly when taken in conjunction with defendants' affidavit of merits, is adequate to state a cause of action for an account stated to survive the scrutiny appropriate at this juncture, and the fifth counterclaim, alleging fraud against Andrew Finkelstein, was stated with sufficient particularity. Thus, amendment to add these causes of action should have been permitted. (Cf., *Bank Leumi Trust Co. v D'Evori Intl.*, 163 AD2d 26.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.